Carl Ervin SWANSON,
Petitioner, Appellant,

v.

Beverly Marie SWANSON, Respondent.

No. C7–84–1798.

Court of Appeals of Minnesota.

June 25, 1985.

Warren M. Horner, Beal, Horner & De-Vaughn, Minneapolis, for appellant.

Paulette Kane Flynn, Stringer, Courtney & Rohleder, St. Paul, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and PARKER and FOLEY, JJ.

## OPINION

PARKER, Judge.

Carl Ervin Swanson appeals from a dissolution judgment and decree, contending the trial court's division of marital property was based on erroneous findings of fact and was inequitable. We reverse and remand.

## FACTS

Carl Ervin Swanson, now age 48, and Beverly Swanson, now age 56, were married in December 1978. They have no children born of their marriage, although both have children from prior marriages. Both of them had significant amounts of non-marital property.

The only issue on appeal relates to the division of marital property. The parties' major asset is the equity in their jointly owned St. Paul condominium, which amounts to about $40,000. In August 1981, anticipating this dissolution action, the parties equally divided jointly held stock and a savings account containing profits made from their real estate dealings. They each received about $9,000 in cash, which they placed in separate E.F. Hutton accounts.

In December 1982, about one year after the dissolution was commenced, appellant and his 72-year-old father, Carl Einer Swanson, began operating a restaurant in Hudson, Wisconsin, called the Hudson Harbor. Beverly Swanson argued at trial that her husband is the de facto owner of the business and that it is a marital asset. Appellant testified that he is only an employee/agent of the corporation and has no financial investment in it.

The trial court found that appellant is the owner of the Hudson Harbor and had invested at least $5,000 in its development. The court did not characterize the ownership interest as either marital or nonmari-

tal property, nor did it make a finding as to the value of the interest. The court then essentially awarded Beverly Swanson the homestead equity and awarded appellant the ownership interest in the restaurant. Specifically, the property was divided as follows:

| Beverly Swanson | Asset Value |
|---|---|
| Homestead equity | $40,000 |
| Oil and gas lease (ltd. pshp.) | 5,000 |
| Income tax refund | 2,000 |
| Personal property | 1,500 |
| Nonvested pension benefits | 400 |
| Total | $48,900 |
| | |
| Carl Ervin Swanson | |
| 1978 Oldsmobile | $ 1,000 |
| Credit union accounts | 700 |
| Personal property | 5,000 |
| Total | $ 6,700 plus undetermined value of interest in the Hudson Harbor |

## ISSUE

Did the trial court err in dividing the parties' property?

## DISCUSSION

The trial court has a duty to "make a just and equitable division of the marital property of the parties * * * after making findings regarding the division of the property." Minn.Stat. § 518.58 (1984).

Appellant argues that the trial court erred in finding he is the owner of the Hudson Harbor restaurant. At trial he testified that he acted only as his father's agent in organizing the business and is only an employee of the corporation, called C & E, Inc. He testified that his salary is $500 per month and that he receives no benefits. He said he made no financial investment whatsoever in the corporation with either his own money or borrowed funds. He did, however, personally guarantee a $50,000 promissory note held by the seller of the restaurant, and he agreed to indemnify the Hudson State Bank for any advances made on a letter of guarantee the bank issued to Northern States Power Co. on the restaurant's behalf.

Carl Einer Swanson, appellant's father, testified that he is president of the corporation and his wife and daughter are the only other officers. He said the corporation was organized this way because appellant, at that time a Minnesota resident, could not hold a liquor license in Wisconsin. He said that he had invested $15,000 in the business and that he intends to sell his interest to appellant as soon as appellant is financially able to buy it. Both Swansons have held themselves out in various newspaper articles as owners of the restaurant.

Beverly Swanson argued, and the trial court found, that $5,000 "disappeared" from appellant's E.F. Hutton account and must therefore have been invested in the corporation. She does not dispute, however, that the account contained only funds that the parties had already divided by mutual agreement in August 1981. She has identified no other funds, marital or nonmarital, which could have been invested in the business. Appellant said he used the money in his E.F. Hutton account for basic living expenses that he could not meet on his relatively small income from the restaurant.

The trial court made no findings regarding the value of appellant's interest in the business, nor did it characterize that interest as marital or nonmarital property. Beverly Swanson argues that appellant's alleged "lack of disclosure" in the discovery process "results in the inference that the business has a value of at least $40,000." The record contains no evidence that appellant failed to disclose any assets.

We conclude that the evidence is insufficient to support the trial court's finding that appellant owns the Hudson Harbor restaurant. The record shows at most that he has a potential ownership interest in the business. Even assuming that this interest has a present value, we doubt that any part of it could be characterized as marital property because no marital funds were invested in it except for funds the parties had already split by mutual agreement.

The property division as it stands is unjust and inequitable. We reverse and remand for further findings on the character and value of appellant's interest in the

**636**

business, the source of his investment, if any, and a complete reconsideration of the property division.

**DECISION**

The trial court erred in dividing the parties' property based on the erroneous finding that appellant owns the Hudson Harbor restaurant.

Reversed and remanded.